Filed 5/14/24  P. v. Leon CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO GUDINO LEON,<br><br>    Defendant and Appellant. | 2d Crim. No. B326706<br>(Super. Ct. No. GA051391)<br>(Los Angeles County) |

Ricardo Gudino Leon appeals from the 2022 order of the superior court denying his motion to vacate his guilty plea to possessing cocaine for sale.  (Pen. Code, § 1437 subd. (a)(1).)  This plea was entered in 2003.  He contends: "[I] did not meaningfully understand the consequences of [my] plea because the full panoply of consequences were not explained to [me]."  (Bold and capitalization omitted.)  We reject this contention and will affirm the order.

Over twenty years ago, appellant, who was an undocumented alien, was arrested in Pasadena with a large quantity of controlled substances, including cocaine and

methamphetamine. He entered into a negotiated disposition and received a probationary disposition. Thereafter, he violated the terms of probation and was sentenced to state prison for three years.

When entering his guilty plea, the trial court told appellant: "I am required to advise you that if you are not a citizen of this country this plea will lead to your deportation, your denial of reentry and your denial of naturalization." The trial court factually found that appellant understood and freely waived his constitutional rights and understood the consequences of his plea. The trial court granted probation but, as indicated, appellant violated the terms thereof, and was thereafter sentenced to state prison.

When he sought relief in the superior court, the People did not oppose the motion. They do now. The trial court, however, requested live-witness testimony from plea-counsel and appellant himself. After the evidentiary hearing, the trial court articulated the reason for the denial of the motion: "At its core, this case comes down to answering this question: Can a defendant be told repeatedly that his plea will result in deportation, confirm he understood, present no contrary evidence from the attorney who advised him, and then withdraw his plea with the claim that he did not understand he would be deported? This court's answer under the facts of this case where [appellant] recently entered illegally and had no significant ties to the United States is 'no.'"

The standard of review is well known and need not be restated. (See *People v. Vivar* (2021) 11 Cal.5th 510, 529-530.) Appellant did not meet his burden of proof below and he does not meet his burden of proof on appeal. Appellant was convicted of possessing drugs he planned to sell in bulk for $5,000. He was

not a "small drug dealer."  He could easily been sentenced to state prison for the numerous drug charges he was facing.  He has not come forward with ""objective evidence"" concerning deportation consequences.  (*Vivar, supra,* at p. 530.) Even if the plea colloquy did not fully explicate what could potentially happen to him as a result of the plea, he was told that he would be deported and he was deported.  We have exercised our independent review and conclude that appellant has not "demonstrated a reasonable probability that he would have rejected the plea offer had he understood its immigration consequences." (*People v. Espinoza* (2023) 14 Cal.5th 311, 319-320.)  We parenthetically observe that if we were to grant relief in this case, we would grant relief in every case where the defendant conclusionally asserts that he did not "meaningfully understand the consequences of his plea." (*Ibid.*)

*Disposition*

The judgment (order denying relief) is affirmed.
NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

3

Rupa S. Goswami, Judge

Superior Court County of Los Angeles

_____

Sabrina R. Damast, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Steven D. Matthews, Supervising Deputy Attorneys General, for Plaintiff and Respondent.